UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. MONTENEGRO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANTHONY, GRISHAM,<br><br>　　　　　Defendants. | Case No.  1:21-cv-01449-JLT-HBK (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL<br><br>(Doc. No. 12) |

　　　　Pending before the Court is Plaintiff's motion to appoint counsel.  (Doc. No. 12). Plaintiff, a state prisoner, who is proceeding *in forma pauperis*, has pending a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. Nos. 1, 4).  Plaintiff seeks appointment of counsel so that his "interests may be protected by the professional assistance required."  (Doc. No. 12).  Plaintiff also states that counsel must be appointed when the litigant is indigent and a court issues  an order to show cause citing to a California Rule of Court.  (*Id*.).

　　　　The United States Constitution does not require appointment of counsel in civil cases.  *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases).  Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action.  *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.

1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other citations omitted).  However, motions to appoint counsel in civil cases are granted only in "exceptional circumstances." *Id.* at 1181.  The court may consider many factors to determine if exceptional circumstances warrant appointment of counsel including, but not limited to, proof of indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.2d 952 (9th Cir. 1998).

Plaintiff has not met his "burden of demonstrating exceptional circumstances*."  Jones v. Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Plaintiff's indigency alone does not qualify "as an exceptional circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018).  Moreover, the court has not issued an order to show cause.  Irrespective, this case is in federal court and not state court, so the California Rules of Court do not apply to these proceedings.  The Court has not yet screened Plaintiff's Complaint.  Should this case progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional circumstances, he may renew his motion for appointment at counsel at that time.

ACCORDINGLY, it is hereby ORDERED:

Plaintiff's motion for appointment of counsel (Doc. No. 12) is DENIED.

Dated: July 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2