UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. MONTENEGRO,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. ANTHONY,<br><br>        Defendant. | Case No.  1:21-cv-01449-JLT-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT AND CLOSE THIS ACTION[1]<br><br>(Doc. No. 19)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

Plaintiff Juan M. Montenegro is a state prisoner proceeding pro se and *in forma pauperis* on his Second Amended Complaint filed pursuant to 42 U.S.C. § 1983. (Doc. No. 19).  For the reasons set forth below, the undersigned recommends that the district court dismiss Plaintiff's Second Amended Complaint for failing to state a claim.

**SCREENING REQUIREMENT**

A plaintiff who commences an action while in prison is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees before directing service upon any defendant. 28 U.S.C. § 1915A.  This requires the court to identify any cognizable claims and dismiss the complaint, or any portion, if is frivolous or malicious, if it fails to state a claim upon

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint liberally, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  At this stage of the proceedings, the Court's review is limited to the complaint, exhibits attached, and materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.  *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966 (9th Cir. 2014); *see also* Fed. R. Civ. P. 10(c).  A court does not have to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that a complaint include "a short and plain statement of the claim showing the pleader is entitled to relief . . .." Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening.  This requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

If an otherwise deficient pleading can be remedied by alleging other facts, a pro se litigant is entitled to an opportunity to amend their complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d

245, 248 (9th Cir. 1995).  However, it is not the role of the court to advise a pro se litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.  Furthermore, the court in its discretion may deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed . . .."  *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).

## BACKGROUND AND SUMMARY OF OPERATIVE PLEADING

### A. Procedural History

Plaintiff initiated this action on September 29, 2021.  (Doc. No. 1).  The initial complaint named Dr. Anthony and Dr. Grisham as Defendants and alleged claims of medical deliberate indifference under the Eight Amendment based upon Dr. Anthony's failure to prescribe pain killers to Plaintiff and Dr. Grisham's failure to assign Plaintiff to appropriate housing for his medical conditions.  (*Id*.).  The undersigned found the initial complaint failed to state a medical deliberate indifference claim as to either Dr. Anthony or Dr. Grisham, advised Plaintiff of the pertinent law, and permitted Plaintiff to file an amended complaint.  (Doc. No. 15).

Plaintiff filed a First Amended Complaint ("FAC") naming only Dr. Anthony as a Defendant. (Doc. No. 17). The FAC again alleged that Dr. Anthony was deliberately indifferent to Plaintiff's serious medical needs because he refused to prescribe pain medication to Plaintiff. (*Id*.). The undersigned found the FAC failed to state a claim, again advised Plaintiff of the pertinent law, and afforded Plaintiff a final opportunity to file a second amended complaint. (Doc. No. 18). On April 28, 2023, the Plaintiff filed his Second Amended Complaint. (Doc. No. 19, "SAC").

### B. Summary of Operative Pleading

The events giving rise to Plaintiff's claim occurred while Plaintiff was confined at the Substance Abuse Treatment Facility Corcoran ("SATF Corcoran").  (Doc. No. 19 at 2). [2]  The

---

[2] The Court refers to the page numbers that appear on the operative document as reflected on the Court's CM/ECF system.

3

SAC alleges a medical deliberate indifference claim under the Eighth Amendment against Dr. Anthony in his individual capacity. (*Id*. at 3). The facts set forth in the SAC are brief. Plaintiff states he suffers "tremendous and excruciating pain" from "nerve damage" which was caused by a gunshot wound to his forehead. (*Id*. at 4). Plaintiff requested "Prevagen[3] and other pain medication" to control the pain and for his "social physical activities" but "Dr. Anthony shows an unconditional disregard for [Plaintiff's] serious medical needs." (*Id*.). Plaintiff refers the Court to Exhibit A attached to his SAC for "facts" to support his claim. (*Id*.). Exhibit A is Plaintiff's HealthCare Grievance and SATF Corcoran's institutional level response. (*Id*. at 6-12). As relief, Plaintiff seeks $100,000 in compensatory and punitive damages. (*Id*. at 5).

## APPLICABLE LAW AND ANALYSIS

Deliberate indifference to the serious medical needs of an incarcerated person constitutes cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A finding of "deliberate indifference" involves an examination of two elements: the seriousness of the plaintiff's medical need (determined objectively) and the nature of the defendant's response (determined by defendant's subjective state of mind). *See McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller,* 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). On the objective prong, a "serious" medical need exists if the failure to treat "could result in further significant injury" or the "unnecessary and wanton infliction of pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). On the subjective prong, a prison official must know of and disregard a serious risk of harm. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Such indifference may appear when a prison official intentionally denies or delays care, or intentionally interferes with treatment once prescribed. *Estelle,* 429 U.S. at 104-05.

If, however, the official failed to recognize a risk to the plaintiff—that is, the official "*should* have been aware" of a risk, but in fact was not—the official has not violated the Eighth Amendment. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (emphasis in

---

[3] Prevagen "is an over-the-counter supplement for healthy brain function and memory improvement." https://prevagen.com.

1     original). That is because deliberate indifference is a higher standard than medical malpractice.

2     Thus, a difference of opinion between medical professionals—or between the plaintiff and

3     defendant—generally does not amount to deliberate indifference. *See Toguchi v. Chung*, 391

4     F.3d 1051, 1057 (9th Cir. 2004). An argument that more should have been done to diagnose or

5     treat a condition generally reflects such differences of opinion and not deliberate indifference.

6     *Estelle*, 429 U.S. at 107. To prevail on a claim involving choices between alternative courses of

7     treatment, a plaintiff must show that the chosen course "was medically unacceptable under the

8     circumstances," and was chosen "in conscious disregard of an excessive risk" to the plaintiff's

9     health. *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016).

10          Neither will an "inadvertent failure to provide medical care" sustain a claim, *Estelle*, 429

11     U.S. at 105, or even gross negligence, *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d

12     1062, 1082 (9th Cir. 2013). Misdiagnosis alone is not a basis for a claim of deliberate medical

13     indifference. *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012). It is only when an official

14     both <u>recognizes</u> and <u>disregards</u> a risk of substantial harm that a claim for deliberate indifference

15     exists. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc). A plaintiff must also

16     demonstrate harm from the official's conduct. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

17     2006). And the defendant's actions must have been both an actual and proximate cause of this

18     harm. *Lemire*, 726 F.3d at 1074.

19          As an initial matter, the SAC is devoid of sufficient factual allegations to state a medical

20     deliberate indifference claim against Dr. Anthony. For purposes of these findings and

21     recommendations, the undersigned considers Plaintiff's description of pain sufficient to constitute

22     a serious medical need. However, the SAC is devoid of any factual allegations that Dr. Anthony

23     was deliberately indifferent to Plaintiff's pain. Notably, the SAC does not provide the date or

24     dates of when any constitutional violation occurred. Further, the SAC does not allege that

25     Defendant Anthony did not provide Plaintiff with <u>any</u> medication for his pain. Instead, the SAC

26     complains only that Dr. Anthony did not provide Plaintiff with the medication Plaintiff requested,

27     specifically "Prevagen" and some "other" unspecified pain medication. (Doc. No. 19 at 4). That

28     Dr. Anthony did not deny Plaintiff <u>any</u> pain medication is further shown in Exhibit A. (Doc. No.

19 at 6-12). Because Exhibit A is attached and incorporated in the SAC, the Court may consider it if its authenticity is not questioned. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (noting at 12(b)(6) stage material properly submitted as part of the complaint may be considered without converting the motion to dismiss to a motion for summary judgment). Further, the Court may disregard allegations in a complaint that are contradicted by facts established in exhibits to a complaint. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2011) (a plaintiff may plead himself out of a claim by including details contrary to his claims); *see also Cooper v. Yates*, 2010 WL 4924748, *3 (E.D. Cal. Nov. 29, 2010) (courts may disregard factual allegations contradicted by facts established by reference to exhibits attached to the complaint).

Exhibit A establishes that Plaintiff is enrolled in the "Chronic Care Program" where his "medical conditions and medication needs are closely monitored." (Doc. No. 19 at 11). Exhibit A further reflects that Plaintiff was not denied <u>any</u> pain medication but was prescribed duloxetine and acetaminophen for pain management. (*Id.* at 8, 11). Plaintiff merely disagrees with what pain medication Dr. Anthony prescribes him, which amounts to a difference of medical opinion. As stated *supra*, a difference of medical opinion does not amount to medical deliberate indifference under the Eighth Amendment. *See Toguchi*, 391 F.3d at 1057.

**FINDINGS AND RECOMMENDATIONS**

Based on the above, the undersigned finds Plaintiff's SAC fails to state a claim against Dr. Anthony for deliberate indifference of his serious medical needs in violation of the Eighth Amendment. Plaintiff has had the opportunity on two occasions to cure the deficiencies in his prior complaints. (*See* Doc. Nos. 15, 18). However, despite the Court's guidance, Plaintiff repeated the same claim in his SAC that he had alleged in his FAC which the undersigned had found was not a cognizable claim. Plaintiff's continued filing of the same non-cognizable claim demonstrates he cannot cure the deficiencies identified above with a third amended complaint. Thus, the undersigned recommends the district court dismisses the SAC without further leave to amend. *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) *citing Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).

Accordingly, it is **RECOMMENDED**:

The Second Amended Complaint (Doc. No. 19) be dismissed under § 1915A for failure to state a claim and the action be dismissed with prejudice.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:  May 11, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE