# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN M. MONTENEGRO,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTHONY, GRISHAM,<br><br>    Defendants. | Case No.  1:21-cv-1449 JLT HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING THE ACTION<br><br>(Doc. 22) |

Juan M. Montenegro is a state prisoner proceeding pro se and *in forma pauperis* in this action, in which he seeks to hold the defendants liable for violating his rights under the Eighth Amendment. (*See* Doc. 19.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge found Plaintiff failed to state a cognizable claim in his Second Amended Complaint. (Doc. 22 at 3-6.) The magistrate judge observed that Plaintiff had previously been granted two opportunities to cure the pleading deficiencies, and found further leave to amend would be futile. (*Id.* at 6, citing *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007).) Therefore, the magistrate judge recommended the action be dismissed with prejudice for failure to state a claim. (*Id.* at 7.)

The Court served the findings and recommendations on Plaintiff, and it notified him that objections were to be filed within 14 days. (Doc. 22 at 7.) In addition, the Court advised Plaintiff

that "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014), *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).)  Plaintiff did not file any objections, and the time to do so has expired.

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.  Despite being given opportunities to cure the deficiencies identified by the magistrate judge, Plaintiff failed to state a cognizable claim for deliberate indifference of his serious medical needs in violation of the Eighth Amendment.  Thus, the Court agrees further leave to amend is futile. *See, e,g.*, *Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1008 (9th Cir. 2009) ("repeated failure to cure deficiencies" constitutes "a strong indication that the [plaintiff] has no additional facts to plead" and "that any attempt to amend would be futile"). Thus, the Court **ORDERS**:

1. The Findings and Recommendations filed on May 11, 2023 (Doc. 22) are **ADOPTED IN FULL**.
2. The action is **DISMISSED** with prejudice.
3. The Clerk of Court shall terminate any pending motions, close this case, and enter judgment against plaintiff.

IT IS SO ORDERED.

Dated:   **June 19, 2023**

UNITED STATES DISTRICT JUDGE

2